IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GROVER D. WOOD
REG. #11146-085                                                                                           PETITIONER

VS.                                              2:09CV00010 JTR

T.C. OUTLAW, Warden,
FCC Forrest City                                                                                    RESPONDENT

**MEMORANDUM AND ORDER**

Pending before the Court[1] is a 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Grover D. Wood. (Docket entry #1). Respondent has filed a Response (docket entry #4), to which Petitioner has filed a Reply. (Docket entry #14). Thus, the issues are joined and ready for disposition.

**I. Background**

On January 26, 2009, while serving a 72 month sentence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC Forrest City"), Petitioner initiated his federal habeas action. (Docket entry #1). In his Petition, he alleges that the Bureau of Prisons ("BOP") violated the Second Chance Act[2] when it recommend him for 150 to 180 days of RRC placement instead of the

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #12).

[2] The Second Chance Act, enacted in 2007, provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Pub. L. No. 110-199, 122 Stat. 657 (2008). The BOP later enacted guidelines which specified that placement in an RRC for more than 180 days was "highly unusual" and allowable only under "extraordinary justification." *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

twelve months' of RRC placement that he requested. *Id.* Petitioner argues that the BOP failed to consider his case in good faith. *Id.* Petitioner seeks an order directing the BOP to reconsider his request for twelve months' of RRC placement. *Id.*

In his Response, dated February 23, 2009, Respondent argues that Petitioner failed to exhaust his administrative remedies and that the BOP properly determined Petitioner's prerelease RRC placement according to the Second Chance Act. (Docket entry #4).

For the reasons discussed below, the Court concludes that Petitioner's habeas claim is without merit.[3]

## II. Discussion

Before addressing Petitioner's habeas claim, the Court will briefly review the pertinent statutes and regulations governing RRC placement, including relevant Eighth Circuit decisions involving challenges to RRC placement.

In deciding where an inmate is to be imprisoned, the BOP must consider the following statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). Initially, the maximum period of RRC placement was limited to 6 months: "[the BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be

---

[3] As indicated earlier, Respondent has addressed the merits of Petitioner's claims, which the Court concludes are without merit. Thus, it is unnecessary for the Court to address Respondent's nonexhaustion defense. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (proceeding to merits of habeas claim under 28 U.S.C. § 2241 despite failure to exhaust administrative remedies because the exhaustion prerequisite under § 2241 was "judicially created, not jurisdictional").

served. ..." 18 U.S.C. § 3624(c) (2000) (amended in 2008).

In 2002, the BOP determined that, under these statutes, an inmate was entitled to receive no more than ten percent of his term of imprisonment in an RRC. *See* 28 C.F.R. § 570.21. In *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004), the Court held that nothing in § 3624(c) prevented the BOP from exercising its discretion and designating a prisoner to an RRC for more than ten percent of his sentence but, in no case, more than 6 months, pursuant to its authority under § 3621(b).

In February of 2005, the BOP adopted a new regulation which attempted to limit *all transfers* to RRCs to the last ten percent of a prisoner's term, based on its exercise of so-called "categorical" discretion under § 3621(b). *See* 28 C.F.R. §§ 570.20-21. In *Fults v. Sanders*, 442 F.3d 1088, 1089-92 (8th Cir.2006), the Court held that the BOP's February 2005 regulation was "contrary to the statute's unambiguous language," which explicitly required the BOP to exercise its discretion *on an individual basis*.

In April of 2008, Congress enacted the Second Chance Act of 2007, which amended § 3624(c). Pub. L. No. 110-199, 122 Stat. 657 (2008). Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months. *See* Second Chance Act § 251, 122 Stat. at 692 (the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.") The BOP later enacted guidelines which specified that placement in an RRC for more than 180 days was "highly unusual" and allowable only under "extraordinary justification."

In *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008), the Court rejected a prisoner's challenge

to the BOP following these guidelines. While the Court acknowledged that the Second Chance Act extended the maximum possible time of RRC placement to 12 months, it held that the BOP's guidelines reflected a permissible determination that "ordinarily a placement of more than 180 days is not appropriate under § 3621(b)," and that "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified." *Mille*r, 527 F.3d at 758.

Petitioner's administrative appeal documentation reflects that he underwent a RRC assessment on July 10, 2008, and was recommended for 150-180 days of RRC placement. (Docket entry #4-2 at 2 ¶6 and Ex. B). This form also indicates that, in making this decision, the BOP staff considered the statutory factors in § 3621(b).

Importantly, there is nothing in the applicable statutes or case law that *entitles* a prisoner to RRC placement for a particular period of time, much less for 12 months. Rather, Respondent's duty is to *individually consider* a prisoner for RRC placement pursuant to the statutory factors set forth in § 3621(b). Although Petitioner was only recommended for 150 to 180 days of RRC placement, it appears the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b). Furthermore, Petitioner has not established that, in considering his request for RRC placement, the BOP failed to consider the relevant statutory factors.

For the foregoing reasons, the Court concludes that Petitioner's habeas claim is without merit.[4]

---

[4] According to the BOP's website, http://www.bop.gov/iloc2/LocateInmate.jsp, Petitioner was released from BOP custody on April 30, 2010. Assuming that information is accurate, the relief Petitioner requests appears to be moot.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 26th day of August , 2010.

_____
UNITED STATES MAGISTRATE JUDGE